UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT FRANCIS SADLER, #147503,

    Plaintiff,

v.                                    Case Number: 09-CV-11375
                                      Honorable Anna Diggs Taylor

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et. al.*,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
## AND DIRECTING SERVICE

Plaintiff Robert Francis Sadler, a state inmate currently incarcerated at the Gus Harrison Correctional Facility, in Adrian, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12131. After careful consideration and pursuant to 28 U.S.C. § 1915(e)(2),[1] the Court dismisses Plaintiff's claims as to Defendants Michigan Department of Corrections, Thomas K. Bell, and Virgil Webb, because he fails to state a claim upon which relief may

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> . . .
> (B) the action or appeal –
>
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

be granted with respect to those Defendants. Plaintiff is proceeding without prepayment of the filing fee in accordance with 28 U.S.C. § 1915(a)(1).

## I.

Plaintiff is a disabled prisoner, who is partially confined to a wheelchair for his mobility throughout the facility. He also is diabetic and requires insulin on a daily basis. Additionally, Plaintiff has heart disease, has the need for special shoes, has a heat-related illness, and has the need for a cane. His allegations include the following: He was placed in a handicapped housing unit by the Health Care Unit because of his special needs. However, in the Unit itself, he was placed in a non-handicapped room. As a result, he filed a grievance against Defendant Andison. Plaintiff contends that because he filed that grievance, "the wheels were set in motion." (Complaint, p. 4.)

Plaintiff alleges that Officer Merrill took his wheelchair away from him, hid it in another room, and prevented him from taking his insulin. It is his position that Officer Terrill used his authority to harass and intimidate him, which ultimately caused harm to his health and safety. He subsequently filed a grievance against Officer Merrill. According to Plaintiff Officer Gallup also participated in the retaliatory and harassing conduct, as did Defendants Monihan and Andison.

## II.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To

state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a vehicle for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

**A.**

Plaintiff names the Michigan Department of Corrections (MDOC) as one of the Defendants in his complaint. He alleges that he has been the victim of discrimination resulting in the MDOC's failure to establish a disabled unit for prisoners with physical disabilities. (Complaint at p. 10.) Plaintiff alleges that he was placed in a non-handicapped unit, where he was forced to climb stairs, and shower in stalls where there was no railing, no shower wand, and no shower seat. It is his position that those conditions violate the ADA, and thereby his rights under the Eighth and Fourteenth Amendment.

However, the MDOC is not a "person" who may be sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff has failed to state a claim upon which relief may be granted under § 1983, regarding his claims against the MDOC.

**B.**

Defendants Thomas K. Bell and Virgil Webb's alleged liability is based upon their

3

supervisory authority over Defendants Ms. Monihan, D. Andison, and Officers Merrill and Gallup. Plaintiff alleges that Defendants Bell and Webb knew about the retaliatory and harassing conduct toward him, by Defendants Ms. Monihan, D. Andison, and Officers Merrill and Gallup, and did nothing.

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95, (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (internal quotation omitted).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ( quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

In this case, Plaintiff fails to allege any specific conduct by Defendants Bell and Webb that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, the Court shall dismiss the claims against Defendants Thomas K. Bell and Virgil Webb.

4

## III.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to Defendants MDOC, Thomas K. Bell, and Virgil Webb are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve the appropriate papers in this case on the remaining named Defendants without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

DATED:  April 28, 2009                              <u>s/Anna Diggs Taylor          </u>
                                                    ANNA DIGGS TAYLOR
                                                    UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order was served upon Plaintiff by First Class U.S. mail on April 28, 2009.

Robert Sadler, #147503
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221                                    <u>s/Johnetta M. Curry-Williams</u>
                                                    Case Manager