UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SADLER,

    Plaintiff,

v.                                                                 Case No. 09-11375

SANDRA MONAHAN, WILLIS TERRILL,        HONORABLE AVERN COHN
RANDY GALLUP, and D. ANDISON,

    Defendants.

_____/

**<u>ORDER</u>**
**<u>ADOPTING REPORT AND RECOMMENDATION (Doc. 75)</u>**
**<u>AND</u>**
**<u>GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 55)</u>**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Proceeding pro se, Plaintiff Robert Sadler filed a fifteen count complaint alleging that the Michigan Department of Corrections (MDOC) and several staff members at the Gus Harrison Correctional Facility (ARF) violated his constitutional rights. The matter was referred to a magistrate judge for all pretrial proceedings. As will be explained, the remaining defendants filed a second motion for summary judgment. The magistrate judge issued a report and recommendation (MJRR) that the motion be granted in part and denied in part. Before the Court are the parties' objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and defendants' motion will be granted in part and denied in part.

II.

The MJRR sets for the background of this case. Briefly, plaintiff's claims against the MDOC, Thomas Bell and Virgil Webb were dismissed for failure to state a claim. (Doc.. 4). This left Sandra Monahan (Monahan), Willis Terrill (Terrill), Randy Gallup ("Gallup") (collectively referred to as "defendants") and D. Andison as the remaining defendants. Defendants subsequently filed their first motion for summary judgment, which was granted in part and denied in part, leaving the complaint to include the following five claims:

> 1. Plaintiff's claim that Monahan denied him a properly ventilated cell while in the Administrative Segregation Unit (ADSEG).
>
> 2. Plaintiff's claim that Terrill was deliberately indifferent to his medical needs by hiding his wheelchair.
>
> 3. Plaintiff's claim that Gallup and Terrill were involved in a contraband razor blade
> being placed in his wheelchair.
>
> 4. Plaintiff's claim that Gallup retaliated against him by confiscating prisoner appliances telling the prisoners he was doing so because "plaintiff writes grievances."
>
> 5. Plaintiff's claim that Gallup and Terrill conspired to violate his constitutional rights as set forth above.

(Doc. 28).

The parties then engaged in discovery limited to these claims. Defendants then filed a second motion for summary judgment. The magistrate judge, in a thorough going analysis, recommends that defendants' motion should be granted with respect to the following three claims:

> 1. Plaintiff's claim that Terrill was deliberately indifferent to his medical needs by hiding his wheelchair.

2. Plaintiff's claim that Gallup and Terrill were involved in a contraband razor blade being placed in his wheelchair, and

3. Plaintiff's claim that Gallup and Terrill conspired to violate his constitutional rights.

The magistrate judge also recommends that the motion be denied as to the following two claims:

1. Plaintiff's claim that Monahan denied him a properly ventilated cell while in the ADSEG and

2. Plaintiff's claim that Gallup retaliated against him by confiscating prisoner appliances telling the prisoners he was doing so because "plaintiff writes grievances."

Finally, the magistrate judge recommends that Andison be dismissed for non-service.

### III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been

presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV.

As an initial matter, plaintiff has not objected to the dismissal of Andison for lack of service. As such, no further discussion on this point is necessary.

Regarding the objections, plaintiff objects to the dismissal of his three claims and defendants object to the continuation of plaintiff's claims against Monahan and Gallup. Having carefully reviewed the objections in light of the record, the Court agrees with the magistrate judge's recommendations. Nothing in either parties' objections convinces the Court otherwise. Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge. Defendants' objections effectively ask the Court to view the evidence in a light most favorable to them which is inappropriate on their motion for summary judgment. As the magistrate judge carefully explained, there are factual disputes with respect to plaintiff's claim regarding his cell against Monahan and his retaliation claim against Gallup.

V.

For the reasons stated above, the MJRR is ADOPTED as the findings and conclusions of the Court. Andison is DISMISSED under Fed. R. Civ. P. 4m. Defendants' motion for summary judgment is GRANTED IN PART AND DENIED IN PART. Plaintiff's claims against Terrill are DISMISSED.

Plaintiff's claim against Monahan regarding his cell continues.  Plaintiff's retaliation claim against Gallup continues; all other claims against Gallup are DISMISSED.  In other words, the following claims remain:

1. Plaintiff's claim that Monahan denied him a properly ventilated cell while in the ADSEG and

2. Plaintiff's claim that Gallup retaliated against him by confiscating prisoner appliances telling the prisoners he was doing so because "plaintiff writes grievances."

The Court will enter a pretrial order to move the case to trial on these claims.

SO ORDERED.


Dated:  June 16, 2011
     S/Avern Cohn
     AVERN COHN
     UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Robert Sadler, 147503, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048 and the attorneys of record on this date, June 16, 2011, by electronic and/or ordinary mail.

     S/Julie Owens
     Case Manager, (313) 234-5160